IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT L. HALL, )
    Plaintiff, ) Civil Action No. 1:15-cv-191
)
v. )
)
SAMUEL J. LOMBARDO, ) Magistrate Judge Susan Paradise Baxter
JENNIFER BATRUS, PA-C, )
LAWRENCE S. LEVINSON, MD, )
    Defendants. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendant Warden Lombardo [ECF No. 36] and the motion to dismiss filed by Defendants Levinson and Batrus [ECF No. 39] be denied.

## II. REPORT

### A. Relevant Procedural History

Plaintiff, acting *pro se*, filed this civil rights action on July 31, 2015.[1] Plaintiff claims he received substandard medical care while incarcerated at the Clearfield County Jail. Named as Defendants to the action were: Warden Samuel Lombardo; Deputy Warden Greg Collins; Jane Doe Jail Nurse; Jane Doe Physician's Assistant; and Joe Doe Jail Physician, all of Clearfield County Jail. ECF No. 5.

---

[1] At the time of filing, Plaintiff was housed in the Presque Isle Nursing Home in Erie, Pennsylvania under the supervision of the Pennsylvania Parole Board. ECF No. 5, page 1.

1

Shortly after filing the action, Plaintiff obtained counsel who filed the first amended complaint on September 29, 2015. The first amended complaint is identical to the original complaint, except that it identifies the Doe Defendants by name. The Clerk of Courts added Nurse Deborah Bryan, Physician's Assistant Jennifer Batrus, and Dr. Larry Levinson to the docket in place of the Doe Defendants. ECF No. 8.

Thereafter, Plaintiff filed a second amended complaint on May 2, 2016. ECF No. 35. Plaintiff named only Batrus, Levinson, and Lombardo and dropped his claims against Bryan and Collins. Plaintiff alleges that during his incarceration at Clearfield County Jail ("CCJ"), Defendants failed to provide or delayed medical treatment for his diabetes which resulted in Plaintiff sustaining serious medical complications.[2] ECF No. 35, ¶¶ 58, 63. At Count I, Plaintiff raises an Eighth Amendment claim against all three Defendants, and at Count II, Plaintiff raises a professional negligence claim against PA Batrus and Dr. Levinson.

Defendants, represented separately, filed motions to dismiss, arguing that Plaintiff fails to state a claim. ECF No. 36; ECF No. 39. Additionally, Defendant Levinson argues this Court should dismiss the claims against him based upon Plaintiff's failure to comply with Pennsylvania Rule of Civil Procedure 1042.3. Plaintiff has filed an opposition brief. ECF No. 42.

### B. Standards of Review

#### 1. Motion to dismiss pursuant to Rule 12(b)(6)

---

[2] Plaintiff does not address the injuries he sustained in his second amended complaint, but outlined his medical issues in his first amended complaint. These medical complications include the loss of feeling in his legs and feet, confinement to a wheelchair, and a digestive system disorder. ECF No. 8, ¶¶ 29-31.

2

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tacinda Corp. v. DaimlerChrysler AG, 197 F. Supp.2d 42, 53 (D.Del 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

4

### C. Plaintiff's Allegations

Plaintiff's claims arise during his incarceration at CCJ from September 11, 2013 through January 3, 2014. Plaintiff, a diabetic since 1963, alleges Defendants denied his insulin dosage prescribed by his primary care physician ("PCP") and instead provided him with a pill, Metformin, to treat his diabetes. ECF No. 35, ¶¶ 10-12. Plaintiff avers once a diabetic is on an established insulin dosage, the treatment should not change to a pill prescription. Id. at ¶ 16. On October 13, 2013, Plaintiff filed a grievance after Defendant Levinson continued to prescribe Plaintiff Metformin rather than insulin. Id. at ¶¶ 12, 17. Plaintiff contends Defendant, Warden Lombardo, dismissed Plaintiff's grievance, along with Plaintiff's request to be seen by an endocrinologist, because Plaintiff "already cost [Defendant Warden Lombardo] a lot of money." Id. at ¶¶ 19-20.

Plaintiff filed another grievance on November 12, 2013, complaining of deteriorating eyesight and pain in his legs and feet due to his lack of insulin. Id. at ¶¶ 21-24. Plaintiff requested to see another medical doctor and for medication that would help alleviate his pain. Id. Plaintiff claims Defendant Batrus denied Plaintiff's request and stated to "get [the medication] when [he] gets out of jail." Id. at ¶¶ 23-25. Plaintiff appealed his grievance and spoke with Defendant Warden Lombardo on November 13, 2013. Id. at ¶ 27. During this second meeting, Plaintiff complained of severe pain due to the lack of insulin and asked Defendant Warden Lombardo to contact his PCP. Id. at ¶ 32. Defendant Lombardo ordered the nurses to obtain Plaintiff's medical records and follow the orders of his PCP. Id. at ¶ 33. Plaintiff alleges Defendants already had this information which specifically contained his prescription for insulin. Id. at ¶ 34.

Plaintiff contends it was not until his transfer date on January 3, 2014, that Defendants ordered Plaintiff to receive insulin rather than the Metformin previously prescribed to Plaintiff. Id. at ¶ 36. Plaintiff claims this delay in treatment resulted in medical complications that include the loss of feeling in his legs and feet, confinement to a wheelchair, and a digestive system disorder. ECF No. 8, ¶¶ 29-31.

**D.  Motion to Dismiss pursuant to Rule 12(b)(6)**

All three Defendants argue Plaintiff has failed to alleged facts sufficient to suggest that Defendants exhibited deliberate indifference towards Plaintiff's serious medical needs in violation of his Eighth Amendment rights.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). In order to establish a violation of the constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir.1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

Here, Defendants maintain that they provided Plaintiff with medical care during his incarceration at CCJ. ECF No. 36, ¶ 8; ECF No. 39, ¶ 13. Defendants argue that Plaintiff's contentions are solely disagreements on their choice of treatment, which would not violate Plaintiffs Eighth Amendment rights. ECF No. 36, ¶¶ 8-9; ECF No. 39, ¶¶ 13-14. However, a showing of some treatment does not preclude Plaintiff from prevailing on a deliberate indifference claim since deliberate indifference can be manifested by an intentional refusal to provide care, delayed medical treatment for nonmedical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer, 991 F.2d at 68, or "persistent conduct in the face of resultant pain and risk of permanent injury," White, 897 F.2d at 109 (3d Cir.1990).

Plaintiff sets forth charges that Defendants' decisions were not based on medical reasons. Plaintiff alleges Defendants Levinson and Batrus continued to treat Plaintiff's medical condition

7

the same way even after Plaintiff's persistent complaints of increased pain and medical issues. ECF No. 35, ¶¶ 21-25, 29-34. Moreover, Plaintiff claims Defendant Batrus told Plaintiff he can "get [the medication] when [he] gets out of jail" if he needs to alleviate his pain. Id. at ¶ 25. Plaintiff's allegations are sufficient and the motions should be denied. It will ultimately be Plaintiff's burden to prove the treatment was not based on medical reasons, but Plaintiff should be allowed to pursue discovery on this claim.

Generally, a non-medical prison official will not be liable for deliberate indifference, under the Eighth Amendment, absent a reason to believe, or actual knowledge, that the medical professionals are mistreating or not treating a prisoner. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). If a prisoner is under the care of medical experts, a non-medical official will generally be justified in believing that the prisoner is in capable hands. Id. Although Defendant Warden Lombardo is a non-medical prison official, Plaintiff met with Defendant Lombardo to discuss his increased pain due to the prison's prescribed treatment. ECF No. 35, ¶¶ 17-18, 27, 31-32. Additionally, Plaintiff claims Defendant Warden Lombardo made decisions based on prison finances rather than relying on medical professionals. Id. at ¶¶ 19-20. Specifically, Plaintiff contends Defendant Warden Lombardo refused Plaintiff's request to see another doctor because "[Plaintiff] already cost [Defendant Warden Lombardo] a lot of money." Id. Plaintiff's allegations are sufficient to survive Defendant Warden Lombardo's motion to dismiss and the motion should be denied.

### E. Pennsylvania Rule of Civil Procedure 1042

Defendant Levinson asserts any claim against him should be dismissed due to Plaintiff's untimely filing of his Certificate of Merit under Pennsylvania Rule of Civil Procedure 1042.3.[3] ECF No. 39, ¶¶ 9-11.

Pennsylvania law requires that a Certificate of Merit accompany a claim for professional liability brought against certain designated licensed professionals. Pa. R. Civ. P. 1042.3. The Certificate of Merit must contain a written statement from "an appropriate licensed professional" declaring whether the professional liability claim is brought directly (the defendant's conduct fell below the standard of care, bringing about the harm), indirectly (the conduct of persons under the direction of the defendant fell below the standard of care, bringing about the harm), or that no expert testimony will be necessary to prosecute the claim against that defendant. Id.

Under Rule 1042.3(a), a plaintiff is required to file the Certificate of Merit within sixty days of the filing of claim where it is alleged that "a licensed professional deviated from the acceptable professional standard." Schmigel v. Uchal, 800 F.3d 113, 116 (3d Cir. 2015). This requirement is considered "substantive law … and must be applied as such by federal courts." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011). See also Chamberlain v. Giampapa, 210 F.3d 154, 158-161 (3d Cir. 2000) (concluding that New Jersey "affidavit of merit" was a matter of substantive state law that must be applied by federal courts sitting in diversity actions). While Rule 1042 is a matter of state substantive law that must be applied by federal courts, the procedural aspects of the state rule need not be applied.[4] See Erie R. Co. v. Tompkins, 304 U.S. 64, 79 (1938).

---

[3] Defendant Levinson inaccurately attempts to dismiss both federal and state law claims against him under Pa. R.C.P 1042. However, Pennsylvania's Certificate of Merit requirement applies solely to Plaintiff's professional negligence claim.

[4] Indeed, as one district court explained:

The Third Circuit has recognized that the sixty-day deadline for filing a Certificate of Merit "is not a strict, all or nothing deadline, and, like Pennsylvania state courts, a federal court may consider a party's reasons for an untimely submission." Rogan v. County of Lawrence, 2013 WL 4511316, at *6 (W.D. Pa. Aug.23, 2013) citing Smith v. United States, 498 Fed.App'x 120, 122 (3d Cir. Aug. 10, 2012). See also Cuevas v. U.S., 422 Fed.App'x 142, 145 (3d Cir. Apr. 6, 2011) (holding that a plaintiff's failure to file a Certificate of Merit within sixty days of a malpractice complaint is not, by itself, fatal to his lawsuit.). The Rogan Court suggests that "if plaintiffs are able to put forth a reasonable explanation or legitimate excuse for the delay, then principles of equity suggest that this Court should deny the medical defendant's motion on this ground and allow plaintiffs to pursue their professional liability claims." Rogan, 2013 WL 4511316, at *6.

Here, Plaintiff filed the original complaint *pro se* while Plaintiff was in a nursing home receiving additional assistance and support for the extensive injuries he sustained. ECF No. 42, page 13. Specifically, Plaintiff explained he lost all feeling in his legs and feet, which has confined him to a wheelchair for the rest of his life. ECF No. 8, ¶ 29. Additionally, Plaintiff contracted a digestive system disorder that resulted in uncontrollable bladder and bowel loss, which now requires the use of a catheter. ECF No. 8, ¶ 31; ECF No. 42, page 13.

---

"Not all aspects of the Pennsylvania Certificate of Merit rule can be implemented in federal court[.] … Rule 1042.3 is enforced through Pennsylvania Rule of Civil Procedure 1042.7, which directs that 'the prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a Certificate of Merit…' These enforcement mechanisms are procedural and inapplicable to federal practice. Neither the Federal Rules of Civil Procedure nor the local rules of this Court contemplate praecipes or the entry of judgment of *non pros*. Moreover, there is no prothonotary in the [federal courts]."

Keel-Johnson v. Amsbaugh, 2009 WL 648970, at *3 (M.D. Pa. Mar.10, 2009) (internal citation omitted).

During this time, Plaintiff did not have any legal counsel or financial resources to retain the appropriate expert witness for his claims. ECF No. 42, page 13. Additionally, at the time of filing, Plaintiff was unable to ascertain the identity of three medical Defendants named in his original complaint, which included Defendant Levinson. Thus, when counsel entered his appearance, counsel's priority was to obtain the medical records to identify the appropriate medical providers and provide them to an expert for review and analysis. Id. Counsel amended Plaintiff's complaint on September 29, 2015, which was the first time Dr. Levinson was identified as a Defendant in this case. Thereafter, Plaintiff filed a Certificate of Merit for both medical defendants on December 11, 2015. Plaintiff's failure to file the Certificate of Merit within sixty days of the original complaint should be excused by this Court and the motion to dismiss should be denied in this regard.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Warden Lombardo [ECF No. 36] and the motion to dismiss filed by Defendants Levinson and Batrus [ECF No. 39] be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 13, 2016