# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT H. HALL

               Plaintiff,

v.

SAMUEL J. LOMBARDO,
JENNIFER BATRUS, PA-C,
LAWRENCE S. LEVINSON, M.D.,

               Defendants.

Civil Action No. 1:15-cv-191 (BJR)

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BAXTER.

Plaintiff Robert L. Hall's operative Second Amended Complaint alleges Eighth Amendment and professional negligence claims against Defendants Warden Samuel Lombardo, Dr. Lawrence Levinson, and Physician Assistant Jennifer Batrus. (Doc. No. 35.) Plaintiff alleges that while he was incarcerated at Clearfield County Jail, Defendants denied his insulin dosage prescribed by his primary care physician and instead provided him with a pill, Metformin, to treat his diabetes. Defendants filed motions to dismiss, arguing that Plaintiff fails to state a claim and that he failed to timely file a certificate of merit. (Doc. Nos. 36, 39.) Magistrate Judge Baxter recommends that the motions to dismiss be denied. (Doc. No. 43.) Defendants raise three objections (Doc. No. 44), none of which the Court finds persuasive. The Report and Recommendation is adopted.

First, Defendants object that Magistrate Judge Baxter improperly relied on a prior version of the complaint, which is a nullity under the law. The Report and Recommendation recognizes that the injuries allegedly sustained by Plaintiff due to Defendants' deliberate indifference are listed in the First Amended Complaint, but not in the Second Amended Complaint. However, the Second Amended Complaint alleges sufficient facts to state a claim to relief. "A claim has facial

1

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Second Amended Complaint alleges the misconduct in detail. Plaintiff explains his medical dependence on insulin, his repeated requests for insulin, and Defendants' decision to provide Metformin instead. (Doc. No. 35.) The Second Amended Complaint also documents the resulting increase in Plaintiff's glucose levels (*id.* ¶ 31), and the kinds of pain Plaintiff suffered, including "eye problems, foot problems, being unable to eat right, [and] becoming sick" (*id.* ¶ 22). Even if all of the facts in the First Amended Complaint were not repeated in the Second Amended Complaint, the Second Amended Complaint contains sufficient factual allegations to state a claim.

Second, Defendant Levinson argues that he is entitled to dismissal as a result of Plaintiff's failure to timely file a certificate of merit. Pennsylvania requires a plaintiff to file a certificate of merit within sixty days of filing a claim for professional liability against designated licensed professionals. Pa. R. Civ. P. 1042.3. While the Third Circuit has held that the certificate of merit requirement is a substantive law that must be applied be federal courts, *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), the procedural aspects of the state rule – including the sixty day deadline – need not be applied. *See Rogan v. County of Lawrence*, 2013 WL 4511316, at *6 (W.D. Pa. Aug.23, 2013) (the sixty-day deadline for filing a certificate of merit "is not a strict, all or nothing deadline, and, like Pennsylvania state courts, a federal court may consider a party's reasons for an untimely submission."); *Cuevas v. United States*, 422 Fed. App'x 142, 145 (3d Cir. Apr. 6, 2011) (holding that a plaintiff's failure to file a Certificate of Merit within sixty days of a malpractice complaint is not, by itself, fatal to his lawsuit.). The Rogan Court explains that "if plaintiffs are able to

2

put forth a reasonable explanation or legitimate excuse for the delay, then principles of equity suggest that this Court should deny the medical defendant's motion on this ground and allow plaintiffs to pursue their professional liability claims." *Rogan*, 2013 WL 4511316, at \*6. Given Plaintiff's significant disability and the lack of any prejudice suffered by Defendant, the Court finds that the principles of equity weigh in favor of permitting Plaintiff to proceed with his claims. While Defendant cites to other unpublished cases where "plaintiffs in similar or worse conditions were not excused from compliance with the Certificate of Merit Rules" (Doc. No. 44 at 6), a discretionary judgment is not refuted by examples of discretion being exercised differently. Here, Plaintiff's claims may proceed.

Finally, Defendant Levinson objects that Plaintiff has not alleged sufficient facts as to Dr. Levinson's conduct to support a claim for deliberate indifference. A defendant is "deliberately indifferent" to a serious medical need in violation of the Eighth Amendment's proscription against cruel and unusual punishment where he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). This standard is met when a prison official "prevent[s] an inmate from receiving recommended treatment for serious medical needs," *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), "despite his knowledge of a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). "Prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for an easier or less efficacious treatment of the inmate's condition." *Lanzaro*, 834 F.2d at 347. The Second Amended Complaint alleges that "Dr. Levinson prescribed Mr. Hall a pill, metformin, 500 milligrams twice a day rather than prescribing the insulin Mr. Hall had been prescribed by his primary care physician ('PCP') in Saint Petersburg, Florida." (Doc. No. 35 ¶ 12.) The Complaint further alleges that Dr. Levinson knew of Plaintiff's insulin prescription, but decided not to order any insulin despite never seeing or examining Plaintiff. (*Id.* ¶¶ 28, 29, 40.) The Complaint alleges that this decision was made for non-medical reasons such as considerations

3

of cost and convenience to prison officials. (*Id.* ¶ 57.) These allegations state a claim for deliberate indifference.

Accordingly, it is hereby ordered that:

(1) The Court ADOPTS the Report and Recommendation (Doc. No. 43);

(2) Defendant Lombardo's Motion to Dismiss (Doc. No. 36) is DENIED;

(3) Defendants Batrus and Levinson's Motion to Dismiss (Doc. No. 39) is DENIED.

**IT IS SO ORDERED.**

DATED this 17th day of January, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge